North American Acc. Ins. Co. v. Gulick.

## INSURANCE—EXCEPTIONS IN ACCIDENT POLICIES.

[Mahoning (7th) Circuit Court, October Term, 1903.]

Laubie, Cook and Burrows, JJ.

NORTH AMERICAN ACC. INS. CO. v. IDA PAINE GULICK.

CONSTRUCTION OF PROVISO IN ACCIDENT POLICY.

In an action upon an accident insurance policy, containing a proviso "that one-twentieth of the amount named in the policy should be the maximum limit of the company's liability should death result directly or indirectly from unnecessary or negligent exposure to obvious danger:" *Held*, that in order to reduce the recovery to the amount set forth in the proviso, the company must show by a preponderance of the evidence that the insured was intentionally negligent in consciously exposing himself to a known danger.

ERROR to court of common pleas of Mahoning county.

**Arrel, McVey** and **Taylor,** for plaintiff.

**Thomas N. Sanderson,** for defendant.

## COOK, J.

Ida Paine Gulick, defendant in error, was the wife of Horatio F. Gulick, and beneficiary in an accident policy upon his life issued by defendant in error. He was killed at Woods Run, a station on the Pittsburgh, Fort Wayne & Chicago Railway, just west of the city of Allegheny in the state of Pennsylvania. The questions made arise upon a construction to be given to a provision of the policy. The policy is for $3,000, and the proviso is as follows:

"The sum of one-twentieth of the amount named in clause 'D' in the case of accidental death; or one-fifth of the amount named in clause 'A' per week for a period not exceeding five consecutive weeks, in event of nonfatal injuries causing total disability, or loss of hands, feet or eyes, shall be the maximum limit of the company's liability under the policy; should the accident, injury, disability, death, or loss of limb, or sight, result wholly or partly, directly or indirectly from voluntary over-exertion; from lifting; from unnecessary or negligent exposure to obvious danger; from intoxication or while intoxicated; from or while violating law, or from altercation, feud or quarrel."

The action below was for the full amount of the policy, $3,000. The company tendered one-twentieth of the amount, and claimed that it was not liable for any greater sum. The particular clause of the proviso upon which the company relies in this case, is that which says that payment shall be reduced when accident results "from unnecessary or negligent exposure to obvious danger." At Woods Run station there were

four tracks; two for passenger trains and two for freight trains. There were platforms running parallel with the tracks between tracks one and two, and three and four about one hundred feet long upon which passengers stood to board the trains. There was also a platform or passageway made of plank five feet wide, running at right angles with the tracks from the station house across tracks one, two and three, and intersecting the platforms between tracks one and two, and tracks three and four. Gulick went to the station the night he was killed for the purpose of taking passage on the west bound accommodation, which ran on track number four, that passed the eastern express at this point. The express did not stop at this station. The only witness that knew anything about the accident, or could throw any light whatever upon the manner in which it occurred, was J. R. Yeagley. He testified that when he came to the station house Gulick was standing on the station platform immediately in front of the five-foot platform that went across the tracks; and that he, Yeagley, went into the station house, and that when he came out he noticed Gulick standing on the platform between tracks one and two about eighteen feet west of the five-foot platform that went across the tracks. He says that the headlight of the express train going east on track number two was then plainly visible, and that he spoke to Gulick and said to him "be careful or you will get injured," and that Gulick replied that he knew his business, or words to that effect. Yeagley's attention was then diverted by purchasing a newspaper, and while doing so the eastern express went by at a rapid rate of speed, and when it got past the station Gulick's body was found lying up against the western accommodation train, which was then standing on track number four. Under circumstances of this character should the beneficiary recover the full amount named in the policy? It is claimed on behalf of plaintiff in error, that from the testimony of Yeagley, no recovery could be had against the railroad company however negligent it might have been, as the headlight of the eastern express which struck Gulick was in plain view, and therefore he was clearly guilty of contributory negligence; and that the same rule should be applied as though the suit had been against the railroad company by his administrator, where he would be required to use ordinary care to protect himself against injury.

What is the construction to be placed upon the words, "from unnecessary or negligent exposure to obvious danger?" It will be observed that the danger to which the assured must not subject himself is an *obvious danger;* a danger that is "evident," "manifest," "understood;" such are the synonyms of "obvious" as given by Webster and Bouvier. It is not a danger that the party might have known of, by the exercise of ordinary

North American Acc. Ins. Co. v. Gulick.

care, that the assured must not unnecessarily or negligently expose himself to, but a danger that he is conscious of, and knows to exist; that is, he must not wantonly and wilfully take the risk of a known danger. The guaranty against injuries or death by the insurance company by its policy must mean more than indemnity against accidents other than those occasioned by the want of ordinary care upon the part of the assured, or there would be no use for such policies. The very object and purpose of the policy, as its name imports, is to indemnify against loss arising by accident. It is to protect against inadvertence and mistake on the part of the assured that usually prompts the securing of an accident policy.

In the case of United States Mut. Acc. Assn. v. Hubbell, 56 Ohio St. 516 [47 N. E. Rep. 544], the words in the proviso were "voluntary exposure to unnecessary danger," and the court held:

"The term 'voluntary exposure to unnecessary danger,' in an accident policy, does not embrace every exposure of the assured that might have been avoided by the exercise of due care on his part. It relates to dangers of a substantial character of which the assured at the time had knowledge, and to which he purposely and consciously exposed himself, intending at the time to assume all the risks."

On page 526, Spear, J., in the opinion says:

"It is clearly not enough, in such case, to show that the deceased was negligent. Negligence, in its usual legal signification, has no place in measuring the liability of a company under an ordinary accident insurance policy, for its presence would overturn the primal theory of the contract. Accidents are the result very largely of the failure to observe due care, and yet the contract is intended as a remuneration in case of accident, and it is to procure the obligation of the company to pay this remuneration, that the assured pays the premium."

In the case of Keene v. Mutual Acc. Assn. 161 Mass. 149, 151 [36 N. E. Rep. 891], the words in the exception were the same, "voluntary exposure to unnecessary danger," and the court said:

"A voluntary exposure to unnecessary danger implies a conscious intentional exposure; something which one is consciously willing to take the risk of. By taking a policy of insurance against accidents, one naturally understands that he is to be indemnified against accidents resulting in whole or in part from his own inadvertence."

In the case of Irwin v. Accident & Sick Benefit Assn. 127 Mich. 630 [86 N. W. Rep. 1036], the court held:

"A condition in an accident insurance policy against liability for injuries caused 'by voluntary or unnecessary exposure to danger' is limited

to cases of intentional exposure to recognized danger, and does not include acts of mere thoughtlessness on the part of the assured."

In the opinion the judge says:

"The word 'exposure' used in this connection, implies an intentional act."

To the same effect is the holding in Travelers Ins. Co. v. Randolph, 78 Fed. Rep. 754 [24 C. C. A. 305; 47 U. S. App. 260].

The provisos considered in all these cases are somewhat different, and also differ from the expression in the policy under consideration, but they are not radically so, and the rule established generally is, that the danger must be a known one, and the assured must consciously and purposely subject himself to the risk; that mere inadvertence or mistake on his part is not sufficient to bar his right to recovery.

Under this rule let it be conceded that Gulick saw the headlight of the approaching eastern express, and also that he attempted to go over track number two to reach track number four to take his train, and was struck by the express and killed; yet we do not think that fact necessarily bars the right of the beneficiary to recover the full amount of the policy. Two trains were approaching each other—his train and the express; naturally there would be some confusion; necessarily he must get to the platform between tracks numbers three and four or be left. By inadvertence and mistake he miscalculated the distance the express was away, and was caught by the train and killed; yet we think such an act does not bring the case within the restrictive clause of the proviso in the policy.

Furthermore, this case was tried by the court, a jury being waived, and the court found that the facts would not justify the court in finding that the death of the assured arose "from unnecessary or negligent exposure to obvious danger," and rendered a judgment for $3,000, the full amount of the policy. We, therefore, could not disturb the finding and judgment of the court unless it was clearly against the evidence. If honest, fair-minded, careful persons might reasonably differ as to the correctness of the finding, we must let it stand. Cincinnati St. Ry. Co. v. Snell, 54 Ohio St. 197 [43 N. E. Rep. 207; 32 L. R. A. 276].

This proviso was an exception in the policy and the burden was upon the insurance company to show that the assured violated the restrictive clause of the proviso. Keene v. Mutual Acc. Assn. *supra.*

Did the company so show? What evidence is there to establish the fact that Gulick negligently attempted to pass over track number two in front of the eastern express? None whatever. That he was struck by the locomotive or train there is little doubt  How struck? Did he slip and fall on the platform or track? We cannot tell. Did he have a fit

or was he otherwise suddenly stricken down? We do not know. Upon all of these questions we are left in the dark. Neither the engineer nor fireman saw him, so far as is shown by this record. In the absence of affirmative proof of the negligence of the insured we cannot assume that he exposed himself unnecessarily or negligently to an obvious danger.

Judgment of court below is affirmed.